PULU (Soloi) of Pago Pago, Petitioner

v.

TE'O (Falepopo) of Pago Pago, Respondent

No. 15-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

April 4, 1945

C. G. WYCHE, *Chief Justice;* LIUFAU, *District Judge;* and PULETU, *District Judge.*

## ORDER

On 17 June 1944, Te'o of Pago Pago filed his application with the Attorney General of American Samoa to register a certain tract of land in his name as matai of the Te'o family. On 17 July 1944, Pulu (Soloi) as matai of the Pulu family filed an objection to the registration to the title of this land in the name of Te'o and claimed that the description of the property included certain property owned by the Pulu family. On 17 April 1944, Te'o (Falepopo) matai of the Te'o family, wrote a letter addressed to the Attorney General wherein it was stated that Te'o had given Puia'i Sueuga the authority to survey the land in question and to have the property as his own. In other words, Te'o, desired to convey the property to his son Pu'ia'i Sueuga.

The case came on for trial before the High Court of American Samoa 4 April 1945 at which time Pulu (Soloi), Te'o, Pu'ia'i, all of the village of Pago Pago appeared in court. At the request of all parties, the court recessed for a period of one hour in order that a conference might be held to see if the case could be settled. Upon the reconvening of the court, it was announced that all parties had agreed to settle the controversy.

It is agreed by all the parties that the property involved is communal property owned by the matai of the Te'o family for the benefit of himself and the members of his fam-

ily. The matai of a family is prohibited from alienating land belonging to the family unless he first secures the approval of the Governor of American Samoa. The evident purpose of this law is to protect the families of the Samoan people in the possession of the ownership of communal property. Therefore, Te'o, as the matai of his family would have no legal right in this case to convey outright any part of the communal lands to any one member of the family without first securing the approval of the Governor of American Samoa.

After having the law explained to them by the Chief Justice, all parties agreed that the objection would be withdrawn and that this land should be registered in the name of Te'o as communal land for the benefit of himself and the members of the Te'o family. The court will approve the settlement thus made by the parties to this action.

The following is a description of the land to be registered in the name of Te'o as matai of the Te'o family:

"Property lies in the Island of Tutuila, American Samoa in the village of Pago Pago. For Point of reference commence at the southerly corner of the L.M.S. Church at the village of Pago Pago; run thence S. 1 degree 55' E. a distance of 103.9 feet to an iron pin at the Point of Beginning. From Point of Beginning thus described run N. 51 degree 04' W. a distance of 186.0 feet to an iron pin; run thence S. 40 degree 24' W. a distance of 187.6 feet to an iron pin; run thence S. 16 degree 05' E. a distance of 95.2 feet; run thence S. 84 degree 20' E. a distance of 213.2 feet to an iron pin set at the westerly edge of the existing main road to Fagasa and 11 feet from the center line of said road when measured at right angles thereto; run thence in a northerly direction along the edge of the aforementioned main road a distance of 138 feet more or less to a point which lies on the westerly edge of said main road and which bears S. 51 degree 04' E. from the iron pin at Point of Beginning; run thence N. 51 degree 04' W. a distance of 5 feet more or less to the Point of Beginning. The land described above contains 1.03 acres more or less."

Now, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the application of Te'o as matai of the Te'o family to register the land herein described in his name as communal land to be held by him for the benefit of himself and the members of the Te'o family be and the same is hereby granted, and that the land shall be so registered.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cost of this action be fixed at $25.00, one half of which shall be paid by Te'o and one half should be paid by Pulu.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a certified copy of this order be delivered to the Attorney General of American Samoa.